UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MASSACHUSETTS COALTION OF POLICE, AFL-CIO, SCOTT A. HOVSEPIAN, JOHN E. NELSON and ROBERT MURPHY, Plaintiffs, <br><br> v. <br><br> INTERNATIONAL UNION OF POLICE ASSOCIATIONS, AFL-CIO, Defendants, | Civil Action No. 19-40153-TSH |

ORDER
December 3, 2019

**HILLMAN, D.J.**

Massachusetts Coalition of Police, AFL-CIO ("MCP"), Scott A. Hovsepian, John E. Nelson and Robert Murphy filed suit against the International Union of Police Associations, AFL-CIO ("IUPA") in the Massachusetts Superior Court. After the matter had been set for hearing on Plaintiffs' motion for preliminary injunction, the Defendants removed the matter to this Court pursuant 28 U.S.C. § 1441(b) asserting that jurisdiction is proper pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship and an amount in controversy in excess of $75,000. The Plaintiffs filed an emergency motion to remand asserting that because the Plaintiffs and Defendants are unincorporated associations, there is no diversity and this Court lacks subject matter jurisdiction. *See* Docket No. 5. On November 29, 2019, the Court issued an Order requiring that the Defendants submit a memorandum on or before noon today setting forth its legal argument to support its assertion that this Court has subject matter jurisdiction over this case. Instead, the

Defendant has filed a notice of voluntary dismissal, without prejudice, pursuant to Fed.R.Civ. P. 41(a) and requested that the Court remand the matter to state Court. *See* Docket No. 9.

## Discussion

The IUPA has filed a notice of voluntary dismissal pursuant to Fed.R.Civ.P. 41(a)(1)(A)(i)[1]. Rule 41(a)(1)(A)(i) permits voluntary dismissal *by the plaintiff* without leave of court by filing **"**a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment…" *Id.* However, by its very terms, the cited rule does not permit IUPA, a defendant, to voluntarily dismiss the action without leave of court or assent of the plaintiff. It should go without saying, but perhaps a reminder is necessary that the fact that the IUPA removed the action to this Court does not make it a "plaintiff" for Rule 41 purposes. Additionally, it is clear from IUPA's notice and proposed order that it is agreeing the matter should be remanded to state court and that it does not actually want to *dismiss the action*, which would require that the Plaintiff refile its complaint.

In order to achieve what the Court believes is the intent of both parties, I am going to treat IUPA's notice of voluntary dismissal as an assent to the MCP's pending motion to remand, which is *granted*. This matter shall forthwith be remanded to the Massachusetts Superior Court.

## Conclusion

The Emergency Motion To Remand (Docket No. 5) is **granted**.

**So Ordered.**

/s/ *Timothy S. Hillman*
Timothy S. Hillman
United States District Judge

---

[1] The IUPA referenced Fed.R.Civ.P. 41(a)(i) in its motion- a provision which does not exist. The Court will assume that this is an inadvertent typographical error and that Defendant meant to reference Fed.R.Civ.P. 41(a)(1)(A)(i).